UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BRYCE THOMASSON, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 25-1372 |
| ) | |
| WEXFORD HEALTH SOURCES, INC., ) | |
| *et al.*, ) | |
|     Defendants. ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and incarcerated at Illinois River Correctional Center ("Illinois River"), filed an Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 9). The Court must "screen" Plaintiff's Amended Complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient, however. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### ALLEGATIONS

Plaintiff files suit against Wexford Health Sources, Inc. ("Wexford"), Illinois Department of Corrections ("IDOC") Director Latoya Hughes, Licensed Practical Nurse ("LPN") Tonya English, Nurse Practitioner Terri Hicok, and Nurses Amanda Thomas, Trey Bergermen, Jane Doe, and John/Jane Doe.

1

Plaintiff alleges he was diagnosed with bipolar disorder and post-traumatic stress disorder ("PTSD") and prescribed Lamictal and Zoloft. Plaintiff was also prescribed Zyrtec for allergies, Pepcid for acid reflux, and Tylenol, Ibuprofen, and analgesic balm for back pain.

Plaintiff alleges he was denied Zoloft on July 11, 2023, because Defendant Nurse John/Jane Doe falsified his MARs log to indicate that he received Zoloft.

Plaintiff alleges Defendant LPN English was negligent in violation of Illinois state law by refusing to give him a mask on September 8, 2023, when Covid-19 cases were spreading at Illinois River. As a result, Plaintiff claims he tested positive for Covid-19 on September 11, 2023.

Next, Plaintiff alleges that due to unspecified "policies/procedures of both IDOC Director Latoya Hughes and Wexford," his 8:00 p.m. dosage of medications for his mental health conditions was delayed until 11:30 p.m. due to inadequate staffing on October 29, 2023.

Plaintiff claims Defendant Nurse Thomas failed to submit a refill order for his bipolar medication. As a result, Plaintiff did not receive his medication from November 16, 2023, through December 13, 2023.

Plaintiff alleges Defendant Nurse Bergermen denied him Zoloft on January 29, 2024. Plaintiff claims the medication was not in stock because Defendant Nurse Thomas failed to refill it.

Plaintiff alleges Defendant Nurse Jane Doe is responsible for giving him the wrong medication on February 3, 2024.

Plaintiff alleges Defendant Hicok prescribed him medication on March 7, 2024, but he did not receive it until March 20, 2024, due to Defendant Director Hughes' and Wexford's "policies/procedures." Plaintiff also alleges Defendant Nurse Thomas failed to order his

2

medication, and as a result, he received only six doses instead of fourteen doses between March 7-21, 2024.

Plaintiff alleges he was denied the opportunity to attend "mental health BHT group" on September 25, 2024, and forced to choose between college classes or mental health treatment due to a policy created by Defendant Director Hughes.

Due to Defendant Wexford's "policies/procedures," Plaintiff claims he signed up for sick call on March 18, 2024, so his medication would not expire on March 20, 2024. Plaintiff alleges he did not get a call pass for sick call until March 23, 2024, and his medications expired.

Plaintiff claims he did not receive Pepcid between March 2024 and June 2024 because Defendant Nurse Thomas refused to refill it.

Plaintiff alleges Defendant Nurse Practitioner Hicok prescribed a sulfa drug to treat his infected toenail on May 13, 2024, even though Defendant Hicok knew he was allergic to sulfa drugs.

Plaintiff alleges he was denied Tylenol, Ibuprofen, and analgesic balm for his back pain from September 2, 2024, through November 16, 2024, based on Defendant Wexford's policy to not renew an inmate's medications unless he reports to sick call. Plaintiff also claims he was forced to go without Pepcid and Zyrtec from October 17, 2024, through November 16, 2024.

Finally, Plaintiff claims he was unable to go to sick call from July 16-31, 2024, to renew his medications due to Defendant Wexford's policy of requiring inmates to wait a certain amount of time for sick call unless it is an emergency.

**ANALYSIS**

While Plaintiff's Amended Complaint raises plausible deliberate indifference claims, the claims are not properly joined in one lawsuit. Unrelated claims against the same defendant may be

3

joined in one action, but different defendants can be joined in one action only if the claims against them arise from the same series of transactions or occurrences. Fed. R. Civ. P. 18, 20; *Kadamovas v. Stevens*, 706 F.3d 843, 846 (7th Cir. 2013) (court "can require the plaintiff 'to file separate complaints, each confined to one group of injuries and defendants.'") (quoted cite omitted); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions."); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits….").

Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE as a violation of Federal Rules of Civil Procedure 18 and 20. The Court will give Plaintiff leave to file a Second Amended Complaint within 30 days from the entry of this Order. If Plaintiff fails to file a timely Second Amended Complaint, or if the Second Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice.

**IT IS THEREFORE ORDERED:**

**1)     Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE as a violation of Federal Rules of Civil Procedure 18 and 20 and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this Order to file a Second Amended Complaint. If Plaintiff fails to file a timely Second Amended Complaint, or if the Second Amended Complaint fails to state a claim for relief, this case will be dismissed with prejudice. Plaintiff's Second Amended Complaint will replace Plaintiff's Amended Complaint in its entirety. Piecemeal amendments are not accepted.**

**2)     Plaintiff's Motion for Status [12] is MOOT.**

**3)** **Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.**

ENTERED:  December 11, 2025

s/ Michael M. Mihm  
Michael M. Mihm  
United States District Judge
