UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BRYCE THOMASSON, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 25-1372 |
| ) | |
| WEXFORD HEALTH SOURCES, INC., ) | |
| *et al.*, ) | |
|     Defendants. ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and incarcerated at Illinois River Correctional Center ("Illinois River"), filed a Second Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 16). The Court must "screen" Plaintiff's Second Amended Complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the Second Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient, however. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### ALLEGATIONS

In his Second Amended Complaint, Plaintiff files suit against Defendants Wexford Health Sources, Inc. ("Wexford"), Illinois Department of Corrections ("IDOC") Director Latoya Hughes, Nurse Practitioner Terri Hicok, Pharmacist/Nurse Amanda Thomas, and Nurse Jane Doe. Plaintiff

1

no longer names Tonya English, Nurse Tre, Nurse Jane Doe #1, Nurse Jane Doe #2, and Jane/John Doe as Defendants. Therefore, these Defendants are dismissed without prejudice.

Plaintiff alleges he is currently prescribed Zoloft for post-traumatic stress disorder ("PTSD"), Lamictal for bipolar disorder, Zyrtec for allergies and allergic reactions, Pepcid for acid reflux, and Tylenol and ibuprofen for back pain.

Between November 16, 2023, and December 13, 2023, Plaintiff alleges he did not receive Lamictal because Defendant Thomas refused to submit a refill order.

On January 29, 2024, Plaintiff alleges he was denied Zoloft because Defendant Thomas did not submit a refill order.

On February 3, 2024, Plaintiff alleges he was administered medication that was not his "because of the intentional negligence and willful/wanton conduct of Jane Doe." (Doc. 16 at ¶ 9).

On March 7, 2024, Defendant Hicok prescribed Plaintiff medication for back pain. Plaintiff alleges he did not receive the medication until March 20, 2024, because Defendant Thomas failed to order the prescriptions. Between March 7-21, 2024, Plaintiff alleges he received Flexeril only six times even though it was prescribed for fourteen days because Defendant Thomas did not order his medication.

From March 2024 through June 2024, Plaintiff alleges he was denied Pepcid because Defendant Thomas refused to submit a refill order.

Plaintiff alleges "due to the intentional negligence, willful/wanton conduct, and conscious disregard for [his] health and safety," Defendant Hicok prescribed him a sulfa drug on May 13, 2024, even though she knew he was severely allergic. *Id.* at ¶ 10.

Plaintiff alleges Defendants Hughes and Wexford violated his rights based on their unconstitutional policies and procedures. Specifically, Plaintiff alleges:

2

> Due to policies/procedures of both IDOC director Latoya Hughes and Wexford, I was delayed my medication in October 2023 and March 2024 because of them not providing adequate staffing.
>
> From 9.2.24-11.16.24, I was forced to go without my Tylenol, ibuprofen, and muscle rub due to both Wexford nurses not call passing me to HCU and Wexford's policies/procedures to not renew meds without an inmate reporting to sick-call.
>
> From 10.17.24-11.16.24, I was forced to go without my Pepcid and Zyrtec medications due to both Wexford nurses not call passing me to HCU and Wexford's policies/procedures to not renew meds without an inmate reporting to sick-call.
>
> I was delayed going to sick call from 7.16.24 to 7.31.24 to renew my meds due to policies/procedures of Wexford to wait a certain amount of days for sick-call unless it's an emergency; even though IDOC has policies stating that inmates.

*Id.* at ¶¶ 11-14.

## ANALYSIS

It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A claim of deliberate indifference contains both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Id*. An objectively serious medical condition is one that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes*, 546 F.3d at 522. To satisfy the subjective component, the inmate must demonstrate that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. The official must know of and disregard an excessive risk to the inmate's health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The prisoner must show that the defendant engaged in more than negligence and that the defendant's conduct approached

3

intentional wrongdoing or criminal recklessness. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012) (citing *Farmer*, 511 U.S. at 837).

Here, Plaintiff alleges he was denied Lamictal for bipolar disorder, Zoloft for PTSD, medications for back pain, and Pepcid for acid reflux because Defendant Thomas refused to order the medications and refill his prescriptions between November 2023 and June 2024. The Court finds Plaintiff's allegations are sufficient to proceed on an Eighth Amendment claim against Defendant Thomas based on her alleged deliberate indifference to his serious medical needs.

Plaintiff also seeks to proceed against Defendants IDOC Director Hughes and Wexford based on policies or procedures which allegedly delayed his medications. Private corporations, such as Wexford, have potential liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691-92 (1978), if they perform a governmental function and, in doing so, injure plaintiff through an unconstitutional policy or practice. *Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982) (applying municipal liability to private corporations performing governmental functions). "Liability may be based on (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express policy, is so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) a constitutional injury caused by a person with final policy making authority." *Taylor v. Wexford Health Sources, Inc.*, No.15-5190, 2016 WL 3227310, at *4 (N.D. Ill. June 13, 2016) (citing *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000)). "The policy or practice must be the direct cause or moving force behind the constitutional violation." *Id.* (citation and internal quotations omitted).

Plaintiff fails to state a claim against Defendant Hughes and Wexford pursuant to *Monell* based on his vague and conclusory allegations regarding inadequate staffing. Defendant Hughes

4

is dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

Plaintiff claims he was denied Tylenol, ibuprofen, and muscle rub between September 2, 2024, and November 16, 2024, and denied Pepcid and Zyrtec between October 17, 2024, and November 16, 2024, based on Defendant Wexford's policy or procedure to not renew medications unless an inmate reports to sick call. Plaintiff's allegations are sufficient to proceed on a claim based on Defendant Wexford's alleged policy or procedure requiring inmates to report to sick call in order to renew their medications.

Plaintiff also claims he was unable to go to sick call from July 16-31, 2024, to renew his medications due to Defendant Wexford's policy or procedure requiring inmates to wait a certain number of days for sick call unless it is an emergency. It does not appear this policy or procedure was the moving force behind an alleged constitutional violation in this case. *See McCormick*, 230 F.3d at 324. Plaintiff alleges Defendant Thomas denied him various medications between November 2023 and June 2024. It is unclear what medications Plaintiff alleges he was denied between July 16-31, 2024, and who denied them.

Plaintiff attempts to assert negligence claims against Defendant Nurse Jane Doe for allegedly administering a medication that was not his and Defendant Hicok for allegedly prescribing him a sulfa drug. Negligence is a state law claim, not a federal claim.[1] *Miranda v. Cnty. of Lake*, 900 F.3d 335, 354 (7th Cir. 2018) ("[N]egligence would be insufficient to support liability under the Fourteenth Amendment, even though it might support state-law liability."); *see also Sharp v. Keeling*, No. 3:16-CV-1083-JPG, 2016 WL 7230448, at *3 (S.D. Ill. Dec. 14, 2016) ("[A] bare allegation that an officer gave a detainee the wrong medication suggests only negligent

---

[1] The Court states no opinion on whether the allegations state a viable negligence claim under Illinois law.

5

conduct by that official, and not the kind of recklessness needed to put forth a constitutional claim."); *Johnson v. Doe*, 234 F.3d 1273 (7th Cir. 2000) (dismissal proper when prisoner only alleged that officials "mistakenly gave him the wrong medication"). Plaintiff's negligence claims against Defendants Nurse Jane Doe and Hicok are unrelated to his claims against Defendants Thomas and Wexford. As such, the Court declines to exercise supplemental jurisdiction over his negligence claims. Defendants Nurse Jane Doe and Hicok are dismissed without prejudice for failure to state a claim under Rule 12(b)(6) and § 1915A.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Second Amended Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states two claims: (1) a claim against Defendant Amanda Thomas for allegedly acting with deliberate indifference to Plaintiff's serious medical needs (*i.e.*, PTSD, bipolar disorder, allergies/allergic reactions, acid reflux, and back pain) in violation of his Eighth Amendment rights by allegedly refusing to order or refill his prescription medications between approximately November 2023 and June 2024, and (2) a claim against Defendant Wexford pursuant to the United States Supreme Court's holding in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), based on Defendant Wexford's alleged policy or procedure to not renew medications unless an inmate reports to sick call. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2) The Clerk is directed to ADD Amanda Thomas (Pharmacist/Nurse) as a Defendant.

3) Defendants Nurse Jane Doe, Terri Hicok, Tonya English, Tre, Latoya Hughes, Jane Doe #1, Jane Doe #2, and Jane/John Doe are DISMISSED WITHOUT PREJUDICE for failure to

state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A. The Clerk is directed to TERMINATE these Defendants.

4) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5) The Court will attempt service on Defendants by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6) Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

7) If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work

address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9) Defendants' counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendants' counsel shall arrange the time for the deposition.

10) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11) Plaintiff shall be provided a copy of all pertinent medical records upon request.

12) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

13) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED:  February 23, 2026

s/ Michael M. Mihm  
Michael M. Mihm  
United States District Judge